RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832
Telephone:   833-729-5529
Facsimile:    833-972-9546
E-mail:      ray@raykimlaw.com

Attorneys for Plaintiff
Malachi Mickelonis

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Malachi Mickelonis, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Aspyr Media, Inc.; Saber Interactive, Inc.; and Does 1-5,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

*Ray Kim Law, APC*
*112 E. Amerige Avenue, Suite 240*
*Fullerton, CA 92832*

**CLASS ACTION COMPLAINT**

Plaintiff Malachi Mickelonis ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, brings this Class Action Complaint (the "Complaint") against defendants Aspyr Media, Inc. ("Aspyr") and Saber Interactive, Inc. ("Saber") (together "Defendants"), and alleges as follows:

## SUMMARY OF ACTION

1.      Plaintiff brings this action for restitution and damages resulting from the illegal actions of Defendants with respect to certain of their distribution, marketing, advertising and sale of "Star Wars:  Knights of the Old Republic II: The Sith Lords" ("KOTOR").  Specifically, Defendants falsely represented that consumers who purchased KOTOR would receive for free never-before released "Restored Content DLC," or new downloadable content providing new gaming content for users (e.g. bonus mission, new dialogue, revamped ending).  Defendants did not provide the Restored Content DLC, but refuses to give consumers a refund for their purchase of KOTOR.

2.      In so doing, Defendants violated the: (i) California Unfair Competition Law, Business and Professions Code § 17200 ("UCL"); (ii) California False Advertising Law, Business and Professions Code § 17500 ("FAL"); and (iii) California Consumer Legal Remedies Act, Civil Code § 1770 *et seq.* ("CLRA").

## THE PARTIES

3.      Plaintiff is a consumer residing in the State of California, Orange County.  In November 2022 Plaintiff purchased KOTOR in Orange County.

4.      Defendant Aspyr Media, Inc. ("Aspyr") is a video game developer and publisher.  Aspyr produced, distributed, and sold KOTOR.  Aspyr is incorporated and headquartered in Texas.  It regularly sells products and does business in California.

5.      Defendant Saber Interactive, Inc. ("Saber") is a video game developer and publisher.  Saber is Aspyr's parent corporation and was also responsible for producing, distributing, and selling KOTOR.  Saber is incorporated and headquartered in Florida.  It regularly sells products and does business in California.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

6. Doe Defendants 1-5 are the other companies or individuals responsible for the false and deceptive advertising and sale of KOTOR.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1). Plaintiff brings a class action under Federal Rule of Civil Procedure 23. Plaintiff and Defendants are citizens of different states, and on information and belief, the amount in controversy exceeds the sum of $5,000,000.00 and there are no less than 100 class members.

8. Defendants regularly conduct business within the State of California, which means personal jurisdiction is established.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff is a resident of Orange County and a substantial part of the events giving rise to the claims occurred in this district.

## STATEMENT OF FACTS

**A.   Defendants Falsely Claim That KOTOR Will Have New Content**

10. In or about 2004, an original version of KOTOR was released. Plaintiff purchased and enjoyed the game on his Xbox gaming console.

11. In 2022, Defendants advertised KOTOR to users of the video console Nintendo Switch as having never-before released "Restored Content DLC," or new downloadable content providing new gaming content for users. *See* Youtube, *STAR WARS™: Knights of the Old Republic™ II: The Sith Lords - Announcement Trailer - Nintendo Switch*, available at https://www.youtube.com/watch?v=rEhYnI1MqxI (last visited on July 7, 2023); Nintendo, *STAR WARS™: Knights of the Old Republic™ II: The Sith Lords*, available at https://www.nintendo.com/store/products/star-wars-knights-of-the-old-republic-ii-the-sith-lords-switch/ (last visited on June 11, 2023).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832





12.     Defendants even tweeted about their upcoming release of the Restored Content DLC:





**CLASS ACTION COMPLAINT**

13.   In 2022, Plaintiff saw Defendants' advertisements about KOTOR and was drawn by the Restored Content DLC.  As a result, in November 2022 Plaintiff purchased KOTOR.

14.   Plaintiff and numerous other consumers were excited about the new content that Defendants claimed was "coming soon."  In fact, KOTOR sat at the top of Nintendo's e-Shop rankings.

15.   On or about June 2, 2023, Defendants announced that they will not release the highly anticipated Restored Content DLC for KOTOR:



Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

16.    Plaintiff felt completely duped and was upset because he had relied on Defendants' representations that the Restored Content DLC would be released for KOTOR.  In fact, Plaintiff did not even play KOTOR after purchasing it, instead choosing to wait until the Restored Content DLC was released.  But Defendants never did.  Plaintiff would potentially be interested in purchasing other games with Restored Content DLC from Defendants' in the future if they have the advertised content, are not deceptively advertised, and accordingly priced at fair market value without being artificially inflated due to the deceptive advertising.

17.    Despite their failure to release KOTOR's Restored Content DLC, Defendants refused to give refunds to purchasers of KOTOR.

18.    Other consumers, like Plaintiff, were equally upset as evidenced by posts found on Twitter and YouTube:





**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832



**Super M...** ✔ @Supe... · Jun 3  •••
Either find a way to get dlc or let us get a refund for the game. Replacement for it with games we already have is not acceptable

💬   🔁 4   ♡ 86   �𝐈𝐥𝐥 6,963

**Scorpio** ✔ @Scorpiopt · Jun 3  •••
You should be offering refunds, you falsely advertised

💬 1   🔁 8   ♡ 89   �𝐈𝐥𝐥 5,123

ⓢ✔ @steventaught... · Jun 11  •••
y'all are so embarrassing lmao.

💬   🔁   ♡ 2   ⟋ 450   ⬆

**Kaz** ✔ @thekrazymaN_ · Jun 2  •••
Pathetic

💬   🔁   ♡ 2   ⟋ 536   ⬆

**Star Wars ...** ✔ @Th... · Jun 3  •••
I am this close👉👈 to starting a lawsuit against @AspyrMedia.

The original intention was that the Restored Content Mod would be released for the game.

Customers bought this product because they were told it was coming to the game, and not delivering on it is false advertising.... Show more

💬 39   🔁 23   ♡ 404   ⟋ 21.1k

**Paul Be...** ✔ @Sauli... · Jun 4  •••
The behaviour of Aspry is very week. Not only did they advertise it but as a fan of KOTOR we bought into the other Star Wars Switch games. I don't have any trust at Aspry anymore and honestly don't need a KOTOR remake for modern audience at all! But the damage has been done.



**Normal ...** ✔ @Norm... · Jun 2  •••
This is unacceptable



💬 1   🔁 2   ♡ 112   ⟋ 15.8K

**Paul Be...** ✔ @Sauli... · Jun 4  •••
You have no integrity. We were buying the KOTOR II version only because of the restored content! You were advertising it. If you cannot get it done, don't advertise it.



**Calen** @CalenBender · Jun 2  •••
How about a refund due to false advertising?

💬   🔁   ♡ 181   ⟋ 5,787



**SW Forge - Male...** @... · Jun 2  •••
This is so disappointing for switch console players.
You as a company hyped the TSLRCM mod up to be released as a download addition. Maybe you should give a refund for those who want it.

💬 4   🔁 15   ♡ 552   ⟋ 39K

**CLASS ACTION COMPLAINT**

1

2

3

 **@kutless45** 1 month ago

LIES! Nintendo, bankrupt these fraudsters!

👍 2 👎  Reply

4

5

 **@wildtiger397** 1 month ago

LIES!!!

👍 1 👎  Reply

6

7

8

 **@johanyhernandez1018** 1 month ago

LMFAOOO THE LIES of these developers. Won't look twice when these whipped dogs are starving off on the sidewalk with this false advertising

👍 2 👎  Reply

9

10

11

 **@ultimateneek530** 1 month ago

The Restored Content DLC was a lie!

👍 2 👎  Reply

12

13

14

15

 **@cybertech6925** 1 month ago

Nintendo needs to start verify any game that is committing false advertising on their eshop. Aspyr released this game without the Restored Content Mod DLC. They broke a promise to the gamers who loves this wonderful game that's a blast from the past for one of the best Star Wars Games ever made. It's a shame that the game is in this state. If anyone is reading this, don't buy this game till the DLC is in…

Read more

👍 3 👎  Reply

16

17

 **@sinsgalore5146** 1 month ago

Liars

👍 2 👎  Reply

18

19

20

 **@applepie1911e** 1 month ago

WARNING

They announced they're not doing the mod on switch

👍 3 👎  Reply

21

22

23

 **@applepie1911e** 1 month ago

I was waiting to buy it. I already have it on cell phone but wanted to play the mod. It's supposedly possible to add the mod on phone but I couldn't get it to work. I guess I'll never play it now. No mod on switch

👍 1 👎  Reply

24

25

26

 **@GoddDamn** 1 month ago

So much for the coming soon dlc.  Aspyr canceled it a year after release

👍 2 👎  Reply

27

 **@AlecFortescue** 1 month ago (edited)

REMINDER ---- DIsney didn't let Aspyr go ahead with the Restored Content! I am outraged as a huge fan of the game and a fresh Switch owner.

👍 4 👎  Reply

28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

- 8 -

**CLASS ACTION COMPLAINT**

1

2

**@cadillacchris7771** 1 month ago

3
This trailer needs to be taken down for false advertisement. The dlc was cancelled

4
👍 7   👎   Reply

5
**@wadetyler_** 1 month ago

RIP restored content DLC.

6
👍 7   👎   Reply

7
**@JoseRoman-me6ie** 1 month ago (edited)

What a bunch of losers. With all their resources Nintendo couldn't do what modders did over a DECADE
8
ago on the pc… shame on them.

9
👍 4   👎   Reply

ˇ   **4 replies**

10

**@MattKyleBullerthemattkylefiles** 1 month ago
11
reporting this as "spam or misleading"…why not complete the DLC before promoting and selling the
game (rather than announcing that it is cancelled one year later)
12
👍 3   👎   Reply

13
**@AlexMagnusTheLoneGamerWanderer** 1 month ago

14
what a scam

👍 1   👎   Reply
15

16

17
**@Alex-pk1iy** 1 month ago

The RC dlc isn't happening. Aspyr are removing any mention of this from their media platforms
18
👍 1   👎   Reply

19
**@baver5081** 1 month ago (edited)

0:54 still waiting...
20
👍 1   👎   Reply

21
ˇ   **1 reply**

22
**@joshdavison6888** 1 month ago

23
Restored content "coming soon." Almost one year later and nothing has come out, not even a remark
about what happened. On top of that, no update on the Limited Run Games orders you guys have been
24
sitting on for 10 months.
Aspyr is a joke and people shouldn't be supporting them after this nonsense.
25
👍 2   👎   Reply

26
**@sonygodofwar123** 1 month ago

1 year later where's my dlc
27
👍 3   👎   Reply

28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

19.     When Plaintiff, and Class Members, purchased KOTOR they believed that they were purchasing a game with Restored Content DLC.  Plaintiff and Class Members were deceived as a result of Aspyr and Saber's actions.  In fact, Plaintiff and Class Members would not have purchased KOTOR if it were not for the misrepresentations of the aforementioned material facts.  These purchasing decisions were the result of the misleading, deceptive, and false representations made by Defendants.

20.     Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of their intentional false advertising.  Furthermore, Plaintiff suffered an "injury in fact" by paying for something he believed had content, features, and characteristics that it did not have.

21.     Plaintiff and Class Members were undoubtedly injured and lost money as a result of Defendants' misleading, deceptive, fraudulent, and intentionally false advertising.

22.     It was Defendants' intention to deceive consumers in order to artificially raise sales revenues by selling more KOTOR games and being able to market KOTOR at above-market prices based on qualities and features that the game simply did not possess.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the class defined as follows (the "Class"):

> All persons in the State of California who purchased KOTOR for Nintendo during the relevant statute of limitations period, i.e. four years prior to the filing of the Complaint until present.

24.     Excluded from the Class are: (1) Aspyr and Saber, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is

assigned and the Judge's staff.  Plaintiff reserves the right to amend or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25.     Plaintiff and members of the Class were harmed by the acts of Defendants by a game that did not have the content, qualities, characteristics and features that Defendants advertised they had.

26.     Common questions of fact and law exist as to all members of the Class, which predominate over any questions affecting only Plaintiff or individual members of the Class.  These common legal and factual questions, which do not vary between the class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a) Whether, within four years prior to the filing of this Complaint, Defendants falsely advertised KOTOR as having certain content and features that they did not or would not have;

   b) Whether Plaintiff and the Class Members purchased a game containing the same intentionally misleading, deceptive, false and fraudulent representations;

   c) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

   d) Whether such conduct is unlawful, unfair or fraudulent; and

   e) Whether Defendants should be enjoined from engaging in such conduct in the future.

27.     As a person that who purchased a KOTOR from Defendants, Plaintiff is asserting claims that are typical of the Class.  Plaintiff and all members of the Class sustained damages arising out of Defendants' common course of conduct complained herein.

28.     The members of the Class are so numerous that joinder of all members would be unfeasible and impractical.   The membership of the Class is currently

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

unknown to Plaintiff at this time; however, given that, on information and belief, Defendants sold thousands of KOTOR games in California to Nintendo consumers during the applicable statute of limitations periods, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action is a superior method to individual actions and will provide substantial benefits to the parties and the Court.

29.     Plaintiff will fairly and adequately protect the interest of the members of the Class because Plaintiff has no interests which are adverse to the interest of absent class members and because Plaintiff has retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

30.     A class action is superior to other available methods of fair and efficient adjudication of this controversy because individual litigation of each of the claims of the members of the Class is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

31.     The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

32.     Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

### FIRST CAUSE OF ACTION

### CALIFORNIA UNFAIR COMPETITION LAW

**BUSINESS & PROFESSIONS CODE § 17200** *et seq.*

**(On Behalf Of Plaintiff And The Class)**

33.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

34.     Plaintiff and Defendants are each "person[s]" as defined by California Business and Professions Code section 17201. California Business and Professions Code section 17204 authorizes a private right of action on both an individual and representative basis.

35.     "Unfair competition" is defined by Business and Professions code section 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent business act or practice, and (4) "unfair, deceptive, untrue, or misleading advertising." The definitions in section 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

36.     A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm–that is, evidence that the defendant's conduct caused or was likely to cause substantial injury.  It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

37.     By and through Defendants' conduct alleged above and in further detail herein, Defendants engaged in conduct that constitutes unlawful, unfair, and/or

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

fraudulent business practices and advertising as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

**UNLAWFUL**

38.     California Business and Professions code Section 17200, *et seq.* prohibits "any unlawful…business act or practice."

39.     As explained above, Defendants deceived, misled, and invaded the rights of Plaintiff and other Class Members by representing that KOTOR had or would have content, characteristics and features that they did not have or intend to have.

40.     Beginning in or about 2022 and continuing through the time of this Complaint, Defendant committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely representing that KOTOR had or would have content, features and characteristics that did not and would not have, in violation of Cal. Civil Code § 1770 *et seq.*, Bus. & Prof. Code §§ 17500, *et seq.*

41.     Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to buy and/or pay a higher price for KOTOR in violation of California Business and Professions Code Section 17500, *et seq.*  Had Defendants not falsely advertised, marketed, or misrepresented KOTOR, Plaintiff and Class Members would not have purchased KOTOR or have purchased alternative products.  Defendants' conduct therefore caused, and continues to cause, economic harm to Plaintiff and Class Members.

42.     Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**UNFAIR**

43.   Defendant has engaged in a pattern of "unfair" business practices in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by manufacturing, distributing, selling, and/or marketing the KOTOR.

44.   The gravity of those misrepresentations outweighs any alleged benefits attributable to such conduct; and such conduct is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, in that consumers are led to believe that the KOTOR has content, qualities and benefits which it does not have.

45.   California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."   Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.   Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.   Such conduct is ongoing and continues to this date.

46.   UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. *See Durrell v. Sharp HealthCare*, 183 Cal. App. 4th 1350, 1365 (2010).  Here, the Plaintiff satisfies all three.

47.   The FTC test requires a purchaser to show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to purchasers or competition; and, (3) is not one that purchasers themselves could reasonably have avoided.

48.   Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of The Class.  Plaintiff and members of The Class have

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

suffered injury in fact and lost money due to Defendants' decision to sell KOTOR even though it did not and would not have characteristics as advertised. Accordingly, Plaintiff and class members were injured because they paid money for a product that was of substantially less value than they reasonably believed, and were denied the benefit of the bargain.

49.    Such conduct involves equitable remedies in the form of a return of part of the purchase price of the product. Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the Class.

50.    Another test for unfairness under the UCL is the antitrust test, which analyzes whether the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because it effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).

51.    By deceiving Plaintiff and members of the class into purchasing KOTOR under false pretenses, Defendants have gained an unfair advantage in the marketplace and has hindered competition. Class Members, including Plaintiff, are stuck with a game that do not the content they were marketed as having.  As a result, Defendants have unfairly usurped the business of competitors, and artificially been able to sell and raise the price of KOTOR.

52.    Defendants' actions tend to harm competition in the gaming market by reducing competition in the marketplace due to consumer perceived quality and content of KOTOR as a result of Defendants' misrepresentations. Defendants' misrepresentations do not offer any countervailing benefit to the marketplace.

53.    A third test for determining unfairness under the UCL is a balancing test as to whether the business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

54. Here all of these factors weigh heavily in favor of this Court finding that Defendants' business practices are unfair.

55. Defendants took advantage of the market and of consumers by misrepresenting the content, characteristics and qualities of KOTOR to the general public, as discussed above. Such conduct is injurious to consumers insofar as it promises a product bearing certain characteristics, when in fact the product bears characteristics that are inherently and facially of less value. Accordingly, consumers were deprived of the benefit of the bargain of what they sought to purchase and reasonably believed they had purchased at the point of sale. There is no moral, ethical, or economic justification for this conduct, and it is inherently immoral and unscrupulous for Defendants to have done this to its customers.

56. In so doing, Defendants have acted immorally, unethically, oppressively, unscrupulously, and has caused a substantial injury to consumers as detailed above.

57. Plaintiff can use a benefit of the bargain approach, discrete choice analysis, or other economically-sound methods of damage calculations to ascertain the harm suffered by Class Members.

58. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that consumers could have reasonably avoided.

59. Thus, Defendants' conduct has violated the "unfair" prong of California Business and Professions Code § 17200.

**FRAUDULENT**

60. Beginning in or around 2022 and continuing through the time of this Complaint, Defendants engaged in acts of unfair competition, including those described herein, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by falsely representing that it would release Restored Content DLC for KOTOR.

61.     Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### "UNFAIR, DECEPTIVE, UNTRUE, OR MISLEADING"

62.     Defendants' practices are unfair, deceptive, untrue, or misleading in that consumers are led to believe that Defendants would release Restored Content DLC for KOTOR.

63.     Plaintiff and the public, as reasonable consumers, were deceived and misled by Defendants' conduct.

64.     Defendants' unlawful, unfair, and fraudulent business practices, and unfair, deceptive, untrue, and/or misleading advertising presents a continuing threat to the public in that Defendants continue to falsely represent that KOTOR will have features that it will not have.

65.     Defendants engaged in these unlawful, unfair, and fraudulent business practices, which were motivated solely by Defendants' self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated, thereby unjustly enriching Defendants.

66.     Such acts and omissions by Defendants are unlawful and/or unfair and/or fraudulent and constitute violations of the Bus. & Prof. Code §§ 17200 *et seq.*, Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

67.     As a direct and proximate result of the aforementioned acts and representations, Defendants received and continue to receive unearned commercial benefits at the expense of its competitors and the public.

68.     As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent conduct described herein, Defendants have been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

and Class Members, who unwittingly provided money to Defendants as a result of Defendants' fraudulent misrepresentations.

69.    Plaintiff has suffered an "injury in fact" because Defendants received Plaintiff's money as a result of Defendants' false representations.

70.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which are available to prevailing plaintiffs in class action cases such as this.

**SECOND CAUSE OF ACTION**

**CALIFORNIA FALSE ADVERTISING LAW**

**Business and Professions Code § 17500**

**(On Behalf Of Plaintiff And The Class)**

71.    Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

72.    Plaintiff brings this claim individually and on behalf of all others similarly situated for Defendants' violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*

73.    Under the FAL, the State of California makes it "unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of … personal property or to perform services… or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public … in any other manner or means whatever, including over the Internet, any statement, concerning that … personal property or those services … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500.

74.    Defendants knowingly engaged in a scheme of misrepresenting that Restored Content DLC would be released for KOTOR. Such practice misrepresented

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

the content, quality and characteristics of KOTOR. Defendants knew or should have known its conduct was unauthorized, inaccurate, and misleading.

## THIRD CAUSE OF ACTION

### CALIFORNIA CONSUMER LEGAL REMEDIES ACT

### California Civil Code §1770 *et seq.*

### (On Behalf Of Plaintiff And The Class)

75.     Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

76.     Defendants' actions as detailed above constitute a violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §1770 to the extent that Defendants violated the following provisions of the CLRA:

a) Using deceptive representations in connection with goods or services.  Cal. Civ. Code §1770(a)(4).

b) Representing that goods or services have characteristics, ingredients, uses, and benefits that they do not have.  Cal. Civ. Code §1770(a)(5).

c) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code §1770(a)(7).

d)  Advertising goods or services with intent not to sell them as advertised.  Cal. Civ. Code §1770(a)(9).

e)  Advertising goods or services with intent not to supply reasonably expectable demand.  Civ. Code §1770(a)(10).

77.     On or about July 10, 2023, through his Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendants with notice of its violations of the CLRA (attached hereto as **Exhibit A**), and asked that Defendants correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendants that it must take such action within thirty (30) calendar days, and pointed Defendants to the provisions of the

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

CLRA that Plaintiff believes to have been violated by Defendants. If Defendants refuse to timely correct, repair, replace or otherwise rectify the issues raised therein, Plaintiff will amend the Complaint to seek damages under the CLRA.

78.     Plaintiff will subsequently file an Affidavit of Venue as required by the CLRA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against the Defendants as follows:

A.     For an order awarding, as appropriate, restitution to the Plaintiff and the Class;

B.     For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

C.     For an order that the Court certify Plaintiff to serve as the class representative in this matter;

D.     For an order that Defendants' wrongful conduct alleged herein be adjudged and decreed to violate the claims asserted herein;

E.     For an order requiring Defendants to immediately cease and desist from selling and distributing KOTOR with the deceptive and false advertising as set forth above, and enjoining Defendants from continuing to deliver, market, advertise, distribute, and sell KOTOR in the unlawful, unfair, and deceptive manner described herein;

F.     For an order awarding attorneys' fees and costs;

G.     For an order awarding pre-judgment and post-judgment interest; and

H.     For such other and further relief as this Court find just, equitable and proper, including, but not limited to, the remedy of disgorgement.

## TRIAL BY JURY

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

1    Pursuant to the Seventh Amendment to the Constitution of the United States of

2    America, Plaintiff and members of the Class are entitled to, and demand, a trial by

3    jury.

4    ///

5

6    Dated:  July 10, 2023                    RAY KIM LAW, APC

7

8                                             _____

9                                             Raymond Y. Kim
                                              Attorneys for Plaintiff
                                              Malachi Mickelonis

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832