1   RAY KIM LAW, APC
    Raymond Y. Kim (SBN 251210)
2   112 E. Amerige Avenue, Suite 240
    Fullerton, CA 92832
3   Telephone:  833-729-5529
    Facsimile:   833-972-9546
4   E-mail:      ray@raykimlaw.com

5   Attorneys for Plaintiffs
    Malachi Mickelonis, Joseph Afilani,
6   Jacob Alva-Melville, Micaiah Flores,
    Matthew Gorka, Jared Hilliard,
7   Charles Kirk, David Kirkland,
    Yale Liebowitz, Jacob Mueller,
8   Kevin Munoz, Colebie Niedermeier,
    Joshua Palmer, Bryce Phillips,
9   Christopher Sousa, Rolando Vazquez,
    Adrian Villa, and Nicholas Yee

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14  Malachi Mickelonis, Joseph          )  Case No.: 8:23-cv-01220-FWS-ADS
    Afilani, Jacob Alva-Melville,       )
15  Micaiah, Flores, Matthew Gorka,     )  **PLAINTIFF MALACHI MICKELONIS'**
    Jared Hilliard, Charles Kirk, David )  **OPPOSITION TO DEFENDANT**
16  Kirkland, Yale Liebowitz, Jacob     )  **ASPYR MEDIA, INC.'S MOTION FOR**
    Mueller, Kevin Munoz, Colebie       )  **SANCTIONS UNDER RULE 11 AND**
17  Niedermeier, Joshua Palmer, Bryce   )  **REQUEST FOR ATTORNEYS' FEES**
    Phillips, Christopher Sousa,        )
18  Rolando Vazquez, Adrian Villa,      )  [Filed concurrently with Declaration of
    and Nicholas Yee, individually and  )  Raymond Y. Kim]
19  on behalf of all others similarly   )
    situated,                           )  Date:   November 30, 2023
20                                      )  Time:  10:00 a.m.
                       Plaintiff,       )  Dept.: 10D
21            vs.                       )
                                        )
22  Aspyr Media, Inc.; and Does 1-5,    )
                                        )
23             Defendants.              )
24  _____

25

26

27

28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

# Contents

I.    INTRODUCTION ....................................................................................1

II.   RELEVANT FACTUAL BACKGROUND.............................................1

III.  LEGAL STANDARD ..............................................................................5

IV.  ARGUMENT ...........................................................................................6

    A.   Plaintiff Mickelonis Has Article III Standing.............................6

        1.  The "Complimentary Video Game Key" Aspyr Provided Was A Free Gift, Not A Refund, And Does Not Deprive Mickelonis Of Article III Standing ........................6

        2.  Aspyr's Lack Of Standing Argument Is Contrary To Ninth Circuit Law ..................9

    B.   Aspyr's Attempt To Challenge Plaintiff's Class Allegations Through A Rule 11 Motion Utterly Lacks Merit..............................................................14

    C.   The Court Should Issue Monetary Sanctions Or Impose Attorneys' Fees For Aspyr's Knowing, Willful, And Reckless Violation Of Rule 11 And The Local Rules.............16

        1.  Aspyr Also Violated L.R. 83-3.1.2 By Attempting To Impose Restrictions On Mickelonis' Counsel's Right To Practice Via A Settlement Offer...........................18

V.    CONCLUSION......................................................................................21

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND
REQUEST FOR ATTORNEYS' FEES

## I.    INTRODUCTION

Tunechi, a.k.a. Lil Wayne, once declared, "Okay, you're a goon, but what's a goon to a Goblin??  Nothin. Nothin. You ain't scaring nothin…."  By bringing the Motion for Sanctions Under Rule 11 (the "Motion" or "Rule 11 Motion"), Defendant Aspyr Media, Inc. ("Aspyr" or "Defendant") and its counsel are the goons.  In an attempt to scare plaintiff Malachi Mickelonis ("Mickelonis") and his counsel into dismissing valid class claims, Aspyr brings a legally baseless and reckless Rule 11 Motion to harass and bully Plaintiffs and their counsel into submission.  In turn, Mickelonis and his counsel must be goblins, and they will not be deterred.

The arguments in the Motion are not legally supported and contrary to the law in the Ninth Circuit.  What is more, Aspyr made a settlement offer to resolve Mickelonis' individual claims just thirty minutes after filing the Motion, as if Mickelonis and his counsel would jump at the opportunity to avoid opposing a baseless Rule 11 filing.  What is more, the settlement offer violates California Rules of Professional Responsibility, California Bar Formal Opinion, American Bar Association Model Rules, and the Local Rules of this Court and is an independent ground for awarding Mickelonis attorneys' fees.  For this reason, the Court should deny Aspyr's Motion and award monetary sanctions in an amount that will deter Aspyr from filing future frivolous motions and continuing to disregard California and Local Rules or give Plaintiffs an opportunity to move for attorneys' fees incurred in opposing Aspyr's frivolous Rule 11 Motion.

## II.    RELEVANT FACTUAL BACKGROUND

The allegations are set forth in detail in the FAC filed on October 25, 2023.[1]  FAC, Dkt. No. 26.  For purposes of opposing Aspyr's Motion, Mickelonis presents the following summary of facts.

---

[1] On October 4, Aspyr filed a motion to dismiss the original complaint.  On October 10 Aspyr filed the Rule 11 Motion.  On October 25, Mickelonis and 17 additional named plaintiffs (together "Class Representatives") filed the FAC.  Plaintiffs' counsel expected Aspyr to withdraw the motion to dismiss and the Rule 11 Motion.  However, on November 2 Aspyr withdrew only the motion to dismiss acknowledging

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Mickelonis is a "gamer" who for years has enthusiastically enjoyed playing video games on various consoles, including the Xbox and Nintendo Switch.  In or about 2004, an original version of "Star Wars:  Knights of the Old Republic II: The Sith Lords" ("KOTOR II") was released.  Mickelonis purchased and enjoyed the game on his Xbox gaming console.  FAC, ¶ 26.  In or around March 2022, Defendant advertised KOTOR II to users of the video console Nintendo Switch as having never-before officially released "Restored Content DLC," or new restored, downloadable content providing new gaming content for users.  *See* Youtube, *STAR WARS™: Knights of the Old Republic™ II: The Sith Lords - Announcement Trailer - Nintendo Switch*, available at https://www.youtube.com/watch?v=rEhYnI1MqxI (last visited on October 24, 2023); Aspyr Twitter (now known as "X") Ad, *STAR WARS™: Knights of the Old Republic™ II - The Sith Lords is out NOW on Nintendo Switch!*, available at https://twitter.com/AspyrMedia/status/1534566368137330690 (last visited on October 24, 2023); Nintendo, *STAR WARS™: Knights of the Old Republic™ II: The Sith Lords*, at https://www.nintendo.com/store/products/star-wars-knights-of-the-old-republic-ii-the-sith-lords-switch/ (last visited on June 11, 2023).

**(Graphic 1)**



that the motion to dismiss "is now moot."  However, Aspyr's Rule 11 Motion is still scheduled for hearing on November 30.

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND REQUEST FOR ATTORNEYS' FEES

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832



Aspyr even tweeted about its upcoming release of the Restored Content DLC, telling consumers that it will be released in the third quarter of 2022.

**(Graphic 2)**



In 2022 and 2023, Class Representatives saw Defendant's advertisements about KOTOR II and were drawn by the Restored Content DLC.  As a result, Class Representatives purchased KOTOR II.  FAC, ¶ 30.  Class Representatives and numerous other consumers were excited about the release of the Restored Content DLC that Defendant had claimed in April 2022 was "coming soon."  KOTOR II sat at the top of Nintendo's e-Shop rankings.  FAC, ¶ 29.

For months Aspyr was radio silent.  Then on June 2, 2023, Aspyr announced that it will not release the highly anticipated Restored Content DLC for KOTOR II:

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND REQUEST FOR ATTORNEYS' FEES

**Graphic 3**



← **Tweet**

**Aspyr**
@AspyrMedia                                                              ...

Update on the Restored Content DLC

*STAR WARS*
**KNIGHTS**
THE SITH LORDS

We'd like to thank the KOTOR community for their immense passion and support for the *Star Wars: Knights of the Old Republic* series. That passion allowed us to bring this timeless series to the Nintendo Switch, and we are forever grateful.

Sadly, today we are announcing that the *Restored Content* DLC for the Nintendo Switch version of *Star Wars: Knights of the Old Republic II - The Sith Lords* will not be moving forward for release.

We'd like to thank everyone for their continued support by providing a complimentary video game key to players that purchased *Star Wars: Knights of the Old Republic II - The Sith Lords* on Nintendo Switch before this announcement.
Players may pick a replacement key from the following list:
*Star Wars: Knights of the Old Republic II - The Sith Lords on Steam*
*Star Wars: Knights of the Old Republic on Nintendo Switch*
*Star Wars: The Force Unleashed on Nintendo Switch*
*Star Wars: Republic Commando on Nintendo Switch*
*Star Wars: Episode I Racer on Nintendo Switch*
*Star Wars: Jedi Knight Jedi Academy on Nintendo Switch*
*Star Wars: Jedi Knight II Jedi Outcast on Nintendo Switch*

To receive your complimentary key, please visit support.aspyr.com, and submit a request with your Nintendo Switch proof of purchase attached. – The Aspyr Team

5:00 PM · Jun 2, 2023 · **2.2M** Views

Specifically, Aspyr stated, "Sadly, today we are announcing that the Restored Content DLC for the Nintendo Switch version of *Star Wars: Knights of the Old Republic II – The Sith Lords* will not be moving forward for release." Defendant did

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

- 4 -

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND
REQUEST FOR ATTORNEYS' FEES

not explain why.  Instead, Defendant "thank[ed] everyone for their continued support by providing a *complimentary video game key*." (italics added).  Defendant reiterated that the video game key it would provide was "complimentary": "To receive your *complimentary key*, please visit support.aspyr.com, and submit a request with your Nintendo Switch proof of purchase attached." (italics added).  Despite their failure to release KOTOR II's Restored Content DLC, Defendant refused to give refunds to purchasers of KOTOR II.  FAC, ¶ 36.

When Plaintiff, and Class Members, purchased KOTOR II they believed that they were purchasing a game with Restored Content DLC.  Plaintiff and Class Members were deceived as a result of Aspyr's actions.  In fact, Plaintiff and Class Members would not have purchased KOTOR II if it were not for the misrepresentations of these material facts.  These purchasing decisions were the result of the misleading, deceptive, and false representations made by Aspyr.

### III.   LEGAL STANDARD

"An attorney is subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure, among other reasons, when he or she presents to the court 'claims, defenses, and other legal contentions ... [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'"  *Goldwater Bank, N.A. v. Elizarov*, No. 521CV00616JWHSPX, 2023 WL 3149287, at *1–2 (C.D. Cal. Feb. 13, 2023) (citing Fed. R. Civ. P. 11(b)(2)).

"When a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'"  *Id.* (*citing Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).  "As shorthand for this test, the word 'frivolous' 'denote[s] a filing that is both baseless and made

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

without a reasonable and competent inquiry.'" *Id.* (*citing Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (*citing Moore v. Keegan Mgmt. Co (In re Keegan Mgmt. Co., Sec. Litig.*), 78 F.3d 431, 434 (9th Cir. 1996)).

"'[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action.  Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Id.* at *2 (*citing GN Resound A/S v. Callpod, Inc.*, 2013 WL 5443046, at *4 (N.D. Cal. Sept. 30, 2013) (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).  "The Ninth Circuit has counseled that 'Rule [11] discourages wasteful, costly litigation battles by mandating the imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position taken.'" *Id.* (*citing Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986)).  "Sanctions should not be imposed, however, when 'a reasonable basis for the position exists in both law and in fact at the time that the position is adopted.'" *Id.* (*citing Golden Eagle Distrib. Corp.*, 801 F.2d at 1538).

Here, Plaintiff's basis for the FAC is supported by Ninth Circuit law.  Aspyr's Rule 11 Motion is not.  Therefore, the Rule 11 Motion should be denied and Plaintiff should be awarded his attorneys' fees for wasting valuable time and resources in responding to the frivolous Rule 11 Motion.

## IV.   ARGUMENT

### A.   Plaintiff Mickelonis Has Article III Standing

#### 1.   The "Complimentary Video Game Key" Aspyr Provided Was A Free Gift, Not A Refund, And Does Not Deprive Mickelonis Of Article III Standing

Aspyr argues that Mickelonis' action is frivolous on the grounds that he lacks Article III standing.  Aspyr argues that a "plaintiff's acceptance of a refund deprives

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

the plaintiff of standing," and here Mickelonis "asked for and received a game token worth more than the value of the KOTOR game."  Motion, 9:8-10.

In support of Aspyr's contentions, Chris Bashaar, director of product at Aspyr Media, states:

> On June 2, 2023, Aspyr sent out a tweet indicating that it was unfortunately unable to release any bonus content for KOTOR on Nintendo's platform. The tweet further offered consumers who had purchased KOTOR a game token for a variety of different Star Wars games on the Switch platform…   On June 3, 2023, Mickelonis requested and received a token to Star Wars: Jedi Knight Jedi Academy, a game worth $19.99.

Declaration of Chris Bashaar ("Bashaar Decl."), ¶¶ 7-8.

Notably, Aspyr and Mr. Bashaar do not state that Aspyr provided Mickelonis with a refund.  Indeed, they cannot, because he did not receive a refund.  In fact, the "game token" was a "complimentary video game key" that Aspyr provided for free to "thank everyone for their continued support."

///

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND REQUEST FOR ATTORNEYS' FEES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832



"Complimentary" is commonly understood to mean "free," and the two terms are often used interchangeably.  *See, e.g., Rosolowski v. Guthy-Renker LLC*, 230 Cal. App. 4th 1403, 1417 (2014) ("Plaintiffs alleged the subject lines in the various e-mails falsely represented that the recipients were entitled to a 'free' or 'complimentary gift' without mentioning that receipt of such a gift was contingent upon a purchase."); *McKee v. Audible, Inc.*, No. CV 17-1941-GW(EX), 2017 WL

7388530, at *11 (C.D. Cal. Oct. 26, 2017) ("By signing up for membership and credits, Audible offers 'complimentary' or 'free' items as an added incentive[.]"). The Merriam-Webster dictionary defines "complimentary" as "given free as a courtesy or favor." *See* Meriam-Webster Online Dictionary, *Complimentary* (available at https://www.merriam-webster.com/dictionary/complimentary) (last visited on November 8, 2023). Similarly, Dictionary.com defines "complimentary" as, "given free as a gift or courtesy: a complimentary ticket." *See* Dictionary.com, *Complimentary* (available at https://www.dictionary.com/browse/complimentary) (last visited on November 8, 2023).

Aspyr's contention that the free, "complimentary video game key" it provided to Mickelonis constitutes a full "refund" that somehow deprives him of Article III standing is baseless and not supported by law. Indeed, the fact that Aspyr now attempts to bar its customers from bringing meritorious consumer protection claims based on its prior representation that the video game key was "complimentary" in and of itself is an unfair and deceptive act.

### 2. Aspyr's Lack Of Standing Argument Is Contrary To Ninth Circuit Law

"To establish standing under Article III of the Constitution, a plaintiff must show that she has '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Van v. LLR, Inc*., 962 F.3d 1160, 1162 (9th Cir. 2020) (*citing Gill v. Whitford*, 585 U.S. ——, 138 S. Ct. 1916, 1929 (2018) (*quoting Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016)). "An 'injury in fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *Id.* (*citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

In the Ninth Circuit, "[f]or standing purposes, a loss of even a small amount of money is ordinarily an 'injury.'"  *Id.* (*citing Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 137 S. Ct. 973, 983 (2017); *Sprint Comm'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 289 (2008) (noting that the loss of "a dollar or two" is sufficient to confer Article III standing); *McGowan v. Maryland*, 366 U.S. 420, 424, 430–31 (1961) (holding that appellants fined $5 plus costs had standing to assert an Establishment Clause challenge); *Carpenters Indus. Council v. Zinke*, 854 F.3d 1, 5 (D.C. Cir. 2017) (Kavanaugh, J.) ("A dollar of economic harm is still an injury-in-fact for standing purposes."); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) ("Any monetary loss suffered by the plaintiff satisfies th[e injury in fact] element; '[e]ven a small financial loss' suffices.")).

Indeed, even the temporary loss of money (i.e. the "time value of money"), where a full refund was subsequently provided, is a concrete injury.  *Van*, 962 F.3d at 1162–63 (*citing MSPA Claims 1, LLC v. Tenet Fla., Inc.,* 918 F.3d 1312, 1318 (11th Cir. 2019) ("The inability to have and use money to which a party is entitled is a concrete injury."); *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018) ("The plaintiffs have standing ... because unauthorized withdrawals from their accounts cause a loss (the time value of money) even when banks later restore the principal ...."); *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) ("Every day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money."); *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 66 (D.C. Cir. 2019) (per curiam) ("The delay in those Plaintiffs' receipt of their refunds, and the forgone time value of that money, is an actual, tangible pecuniary injury.").

In *Van v. LLR, Inc.*, the customer plaintiff brought a putative class action against a retail business alleging that it improperly charged sales taxes to customers residing in jurisdictions that do not impose such taxes.  962 F.3d at 1161.  The

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND REQUEST FOR ATTORNEYS' FEES

1  defendant moved to dismiss the complaint for lack of Article III standing, arguing

2  that the plaintiff could not establish an injury in fact because it had fully refunded the

3  tax charges and her claim for interest alone was insufficient to establish standing. *Id.*

4  The district court granted the motion.  However, the Ninth Circuit Court of Appeals

5  reversed, holding that "the inability to have and use money to which a party is

6  entitled is a concrete injury":

> This case requires us to address whether the temporary deprivation of
>
> money gives rise to an injury in fact for purposes of Article III standing.
>
> We agree with other circuits that "[t]he inability to have and use money
>
> to which a party is entitled is a concrete injury."…  In sum, we hold
>
> that the temporary loss of use of one's money constitutes an injury in
>
> fact for purposes of Article III.

*Van*, 962 F.3d at 1161, 1164.

14  Here, Mickelonis paid $11.14 for the KOTOR II with Restored Content DLC

15  but did not receive the Restored Content DLC.  Bashoor Decl., ¶¶ 5, 7.  Mickelonis

16  did not receive the product he paid for.  In fact, Mickelonis did not even play

17  KOTOR II because he was awaiting the release of the Restored Content DLC, which

18  never came.  FAC, ¶ 37.  Aspyr did not provide Mickelonis with a refund of the

19  $11.14 that he paid for the game.  Aspyr did not refund Mickelonis any amount.

20  Instead, it contends that the "complimentary video game key" for Star Wars: Jedi

21  Knight Jedi Academy, a game it claims is "worth $19.99," somehow made

22  Mickelonis whole.  Aspyr is wrong.

23  Opinions from the Central District of California have repeatedly held that

24  credits for purchases or partial refunds do not deprive a consumer plaintiff of Article

25  III standing. *See Rothman v. Equinox Holdings, Inc*., No. 220CV09760CASMRWX,

26  2021 WL 1627490, at *7 (C.D. Cal. Apr. 27, 2021) ("Even accepting defendant's

27  evidence that plaintiff requested and received a dues credit, a dues credit is not a

28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

- 11 -

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1 refund... As such, the Court concludes that plaintiff has put forward 'competent

2 proof' establishing his Article III standing because plaintiff's evidence demonstrates

3 that defendant did not refund his $84.19 in unused membership dues."); *Hubmer v.*

4 *Walmart, Inc.*, No. EDCV201369JGBKKX, 2020 WL 7786581, at *3 (C.D. Cal.

5 Nov. 6, 2020) ("Plaintiffs, on the other hand, have not received full refunds, were not

6 informed at the time of seeking a refund that they would be able to do so at a later

7 date, and are not yet certain that they will be able to receive a full refund."); *Bush v.*

8 *Contour Tech., LLC*, No. CV 12-4247-GHK (RZX), 2012 WL 13014605, at *2 (C.D.

9 Cal. Aug. 10, 2012) ("[I]t is clear that Defendants have not fully refunded Plaintiff

10 the purchase price of the complained-of products. Thus, at the very least, Plaintiff can

11 pursue his individual claims as well as the class claims because he has a legally

12 cognizable injury in the form of the purchase price of the products at issue.").

13 Here, Aspyr has not provided Mickelonis a refund of any amount. Mickelonis

14 even requested a refund via his July 10, 2023 letter to Aspyr setting forth his claims

15 under the Consumer Legal Remedies Act ("CLRA"). *See* **Exhibit A** to FAC, Dkt.

16 No. 23. Aspyr ignored the CLRA letter and did not provide a refund.

17 Accordingly, Mickelonis has suffered a concrete injury as a result of Aspyr's false

18 advertising and has Article III standing to bring this action.

19   **a)     The Unpublished Decisions Cited By Aspyr From Outside The**

20          **Central District And The Ninth Circuit Are Inapposite**

21 Against the backdrop of well-settled Ninth Circuit law it is clear that

22 Mickelonis has standing to bring this action. Aspyr relies on unpublished orders

23 from various district courts to argue that Plaintiff lacks standing. These opinions are

24 inapposite because there the courts held that the plaintiffs had previously received a

25 *full* refund. For example, in *Strugala v. Flagstar Bank, FSB*, the Northern District of

26 California court found that the plaintiff lacked Article III standing on the grounds that

27 she had received a full refund. *Strugala,* No. 5:13-cv-05927-EJD, 2017 U.S. Dist.

28 - 12 -

LEXIS 142298, at *5 (N.D. Cal. Sep. 1, 2017) ("The IRS issued a refund based on the mortgage interest she paid to Flagstar in 2012.  As a result, Strugala has received compensation for her inability to receive a 2012 refund stemming from Flagstar's erroneous Form 1098 report in 2012. Accordingly, the Court finds that Strugala lacks Article III standing to pursue claims based on this injury.").  Similarly, in *Luman v. Theismann* the Eastern District of California court found that the consumer plaintiff's claim was moot on the grounds that the defendant fully refunded the plaintiff months before the action was filed.  *Luman,* No. 2:13-cv-00656-KJM-AC, 2014 U.S. Dist. LEXIS 14038, at *12 (E.D. Cal. Feb. 3, 2014) ("Here, plaintiff Luman was made whole before he filed the original complaint. He received his refund[.]").  In each of the opinions cited by Aspyr, the plaintiff had received a *full refund* prior to filing the action.[2]  *See, e.g., Fensterer v. Capital One Bank (USA), N.A.*, No. 20-5558(RMB/KMW), 2021 U.S. Dist. LEXIS 41520, at *8 (D.N.J. Mar. 5, 2021) ("[A] refund has now been issued, and Plaintiff has received both a 'reversal of charges and [a] return of Reward points.'"); *In re McNeil Consumer Healthcare*, 877 F. Supp. 2d 254, 275 (E.D. Pa. 2012) ("None of these plaintiffs has suffered an economic injury that is traceable to the conduct of the defendants. *All refund requests* submitted for recalled products by Pack, Michaud, the Robersons, and DeGroot *were satisfied*. Plaintiffs' counsel conceded at oral argument that *Smith elected to receive the coupon in lieu of cash*.") (italics added).

There is simply no law in the Ninth Circuit, or anywhere else, that supports Aspyr's argument that Mickelonis lacks Article III standing to bring this action. Aspyr's desperate attempt to bully Mickelonis and his counsel into dismissing the

---

[2] *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118 (S.D. Ala. 2006), cited by Aspyr, has no bearing here.  The Washington statute's limited remedies provision is unrelated to the Article III standing issue.

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND
REQUEST FOR ATTORNEYS' FEES

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1    claims is exemplified by the inapposite opinions cited throughout the Rule 11

2    Motion.  Aspyr's conduct in this case should not go unpunished.

3    **B.    Aspyr's Attempt To Challenge Plaintiff's Class Allegations Through A Rule**

4    **11 Motion Utterly Lacks Merit**

5    Aspyr also claims that the original complaint filed in this action "falsely asserts

6    there are common questions of fact and law."  Motion, 11:16.  Aspyr's attempt to

7    challenge class certification through a Rule 11 motion is patently improper, and its

8    Motion on this ground should be denied.  For the sake of completeness, Mickelonis

9    will briefly address this premature argument.

10    The commonality "requirement is met if there are 'questions of law and fact

11    common to the class.'" 'Where the circumstances of each particular class member

12    vary but retain a common core of factual or legal issues with the rest of the class,

13    commonality exists.'" *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1029 (9th

14    Cir. 2012) (*citing Parra v. Bashas', Inc.*, 536 F.3d 975, 978–79 (9th Cir.2008)).  "So

15    long as there is 'even a single common question,' a would-be class can satisfy the

16    commonality requirement of Rule 23(a)(2)."  *Wang v. Chinese Daily News, Inc.*, 737

17    F.3d 538, 544 (9th Cir. 2013).

18    In a misrepresentation action, "[f]or commonality to be satisfied, [the] claims

19    'must depend on a common contention,' and it 'must be of such a nature that it is

20    capable of classwide resolution—which means that determination of its truth or

21    falsity will resolve an issue that is central to the validity of each one of the claims in

22    one stroke.'" *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472, 482 (S.D. Cal. 2013)

23    (*citing Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)).  A plaintiff's

24    common contention that the defendant uniformly misrepresented the functionality or

25    characteristics of a product and all members of the putative class were misled is

26    enough to establish commonality.  *Id.  See, e.g., Mier v. CVS Pharmacy, Inc.*, No.

27    SACV201979DOCADSX, 2021 WL 3468951, at *4 (C.D. Cal. Apr. 29, 2021),

28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

- 14 -

*reconsideration denied*, 2021 WL 3468953 (C.D. Cal. June 11, 2021) ("[T]he Plaintiff asserts that there is a common question at the heart of this action because each member of the class was uniformly exposed to Defendants' packaging when purchasing the Product.  This satisfies the commonality requirement since there is a common question as to 'whether manufacturer's advertisements and product labeling were misleading to reasonable consumer.'").

Here, Mickelonis and the Class Representatives allege that, "[i]n or around March 2022, Defendant advertised KOTOR II to users of the video console Nintendo Switch as having never-before officially released 'Restored Content DLC,' or new restored, downloadable content providing new gaming content for users."  FAC, ¶ 27.  Mickelonis and the Class Representatives also allege that, "[i]n 2022 and 2023, Class Representatives saw Defendant's advertisements about KOTOR II and were drawn by the Restored Content DLC.  As a result, Class Representatives purchased KOTOR II."  FAC, ¶ 30.  Thus, the FAC alleges that common questions include:

1. Whether, within the applicable statute of limitations periods, Defendant falsely advertised KOTOR II as having certain content and features that they did not or would not have;

2. Whether Class Representatives and the class members purchased a game containing the same intentionally misleading, deceptive, false and fraudulent representations.

FAC, ¶ 47.  These allegations are more than sufficient to establish commonality.

Aspyr also appears to argue that putative class members paid varying amounts for KOTOR II, thereby precluding any class damages claim.  To the contrary, it is well settled that the need for individual damages calculations does not, alone, defeat class certification.  *Vaquero v. Ashley Furniture Indus., Inc*., 824 F.3d 1150, 1155 (9th Cir. 2016) ("Our precedent is well settled on this point. In *Yokoyama*, we held that 'damage calculations alone cannot defeat certification.'  That is, the 'amount of

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1    damages is invariably an individual question and does not defeat class action
2    treatment.'") (citation omitted).
3        Accordingly, Aspyr's Rule 11 Motion seeking sanctions for Mickelonis'
4    commonality allegations should be denied.
5    **C.  The Court Should Impose Monetary Sanctions Or Award Attorneys' Fees**
6    **For Aspyr's Knowing, Willful, And Reckless Violation Of Rule 11,**
7    **California Rules Of Professional Conduct, And The Local Rules**
8        Rule 11 provides that "[i]f warranted, the court may award to the prevailing
9    party the reasonable expenses, including attorney's fees, incurred for the motion."
10   *Goldwater Bank, N.A. v. Elizarov*, No. 521CV00616JWHSPX, 2023 WL 3149287, at
11   *1–2 (C.D. Cal. Feb. 13, 2023) (awarding attorneys' fees to party opposing Rule 11
12   motion) (*citing* Fed. R. Civ. P. 11(c)(2)).  In addition, Local Rule 11-9 provides that
13   "the presentation to the Court of frivolous motions or opposition to motions (or the
14   failure to comply fully with this rule) subjects the offender at the discretion of the
15   Court to the sanctions of L.R. 83-7."  Relatedly, Local Rule 83-7 provides:

16       The violation of or failure to conform to any of these Local Rules may
17       subject the offending party or counsel to: (a) monetary sanctions, if the
18       Court finds that the conduct was willful, grossly negligent, or reckless;
19       (b) the imposition of costs and attorneys' fees to opposing counsel, if
         the Court finds that the conduct rises to the level of bad faith and/or a
20       willful disobedience of a court order; and/or (c) for any of the conduct
         specified in (a) and (b) above, such other sanctions as the Court may
21       deem appropriate under the circumstances.

22       Here, Aspyr knowingly, willfully, and recklessly filed the frivolous Rule 11
23   Motion in an attempt to bully Mickelonis and his counsel into dismissing the action.
24   Before the Motion was filed Mickelonis' counsel repeatedly requested that Aspyr not
25   bring the Motion because it was not supported by law and Aspyr had never provided
26   a refund.  On October 2, Mickelonis' counsel, Raymond Y. Kim, and Aspyr's
27   counsel, Keith Scully and Nathaniel Durrance, participated in a Zoom call that Mr.
28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

- 16 -

Kim had requested to discuss Mickelonis' anticipated amended complaint and Aspyr's anticipated Rule 11 motion. *See* Declaration of Raymond Y. Kim ("Kim Decl."), ¶ 2. After Mr. Kim mentioned that Mickelonis intends to amend the complaint to add new class members, Mr. Scully went completely ballistic. As if possessed by a demon, Mr. Scully began yelling at Mr. Kim from the top of his lungs. Needless to say, the videoconference was short and unproductive. Following the conference, Mr. Kim emailed Aspyr's counsel advising that *inter alia* Mickelonis' amended complaint should moot any Rule 11 motion, and in the event Aspyr still brings the motion Mickelonis will seek fees and costs in opposing it. On October 3, one week before the Motion was filed, Mickelonis' counsel sent Citadel's counsel another email citing many of the same legal authorities in Section IV.A.2 above, and again asking that Aspyr reconsider its plan to file the Rule 11 Motion. Kim Decl., **Exhibit A**. Knowing that its Rule 11 Motion is not supported by law from any jurisdiction, Aspyr went ahead and filed it on October 10.

The Motion's legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law. Fed. R. Civ. P. 11(b)(1), 11(b)(2). Aspyr's willful and reckless filing has cost Mickelonis significant time and resources in having to prepare this Opposition brief and cost the Court significant time and resources in having to review the briefing and hear the Motion. Aspyr will only be deterred from similar misconduct in the future if it is compelled to pay the price for its misbehavior. In fact, on November 8 Aspyr filed yet another motion, a Motion to Dismiss the FAC and Strike Class Allegations, without meeting and conferring with counsel for Plaintiffs. *See* Dkt. No. 26. In doing so, Aspyr blatantly disregarded this Court's Standing Order, Local Rules 11-9 and 83-7, and Ninth Circuit law. Accordingly, Mickelonis respectfully requests that the Court issue monetary sanctions to deter future similar conduct or allow Plaintiffs to seek attorneys' fees through a separate motion with supporting evidence of time

incurred in accordance with Section IX(f) of this Court's Standing Order.  *See* Dkt. No. 10, Section IX(f), Standing Order.

1. **Aspyr Also Violated L.R. 83-3.1.2 By Attempting To Impose Restrictions On Mickelonis' Counsel's Right To Practice Via A Settlement Offer**

The fact that Aspyr's Motion is "being presented for any improper purpose" in an attempt to bully Mickelonis into settlement is also reflected by the fact that *about 30 minutes* after filing the Rule 11 Motion, Aspyr's counsel sent Mr. Kim a settlement offer.  Notably, the settlement offer violates Local Rule 83-3.1.2, California Rule of Professional Conduct 5.6, and ABA Model Rule 5.6.  Aspyr's repeated disregard for California and Federal Rules warrants an entry of sanctions or award of attorneys' fees against Aspyr.

Local Rule 83-3.1.2 provides:

In order to maintain the effective administration of justice and the integrity of the Court, *each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act*, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto.  These statutes, rules and decisions are hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline.  The *Model Rules of Professional Conduct of the American Bar Association may be considered as guidance*.

*See* L.R. 83-3.1.2.

California Rule of Professional Conduct 5.6 provides in pertinent part:

(a) Unless authorized by law, a lawyer shall not participate in offering or making: … (2) an agreement that imposes a restriction on a lawyer's

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND REQUEST FOR ATTORNEYS' FEES

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1   right to practice in connection with a settlement of a client controversy,

2   or otherwise.

3   *See* CA ST RPC Rule 5.6(a)(2) (Restrictions on a Lawyer's Right to Practice).

4   Similarly, ABA Model Rule 5.6 provides in pertinent part:  "A lawyer shall not

5   participate in offering or making:…(b) an agreement in which a restriction on the

6   lawyer's right to practice is part of the settlement of a client controversy."  ABA

7   Model Rule 5.6(b).  *See also* ABA Form.Opn. 93-371, at 1 ("A restriction on the

8   right of plaintiffs' counsel to represent present clients and future claimants against a

9   defendant as part of a global settlement of some of counsel's existing clients' claims

10  against that same defendant represents an impermissible restriction on the right to

11  practice"); Rest.3d Law Governing Lawyers § 13(2) ("In settling a client claim, a

12  lawyer may not offer or enter into an agreement that restricts the right of the lawyer

13  to practice law, including the right to represent or take particular action on behalf of

14  other clients.").

15  Relevant here, the California Bar previously looked at the following question:

16  "May an attorney offer or accept a provision as a condition of settlement which

17  would preclude plaintiff's attorney from subsequently suing the settling defendant?"

18  It ruled, "An attorney may neither offer nor accept such a provision." Cal. State Bar

19  Form.Opn. 1988-104.  Specifically, in an action based on the Business and

20  Professions Code § 17200 (the same claim at issue in this action), the Bar evaluated

21  the propriety of a settlement term precluding the plaintiffs' attorneys from

22  representing a "person or entity in any litigation or arbitration proceeding against

23  [defendant] or its affiliated entities."  The Bar determined that such a provision was

24  unlawful:

25      It is the opinion of the Committee that the provision being considered

26      ***places in the hands of opposing party the ability to control the***

27      ***attorney's representation of subsequent clients. Thus, it denies a***

28

- 19 -

*potential client access to an attorney of their choice*. This is especially important where the attorney has previous experience in pursuing a matter against the particular defendant. Indeed, it is this previous experience which may make the attorney more attractive to the potential client. ***Because the provision limits the autonomy of attorneys and the ability of clients to freely choose an attorney, it is the opinion of the Committee that the inclusion of the provision in the settlement agreement restricts the right of the attorney to practice law***.

Cal. State Bar Form. Opn. 1988-104 (available at

https://www.calbar.ca.gov/Portals/0/documents/ethics/Opinions/1988-104.htm)

(emphasis added).

The California State Bar Formal Opinion 1988-104 governs here.  Aspyr made a settlement offer that violates California Rule of Professional Conduct 5.6, the California Bar's formal opinions, ABA Model Rule 5.6, and in turn Local Rule 83-3.1.2.  The offer, which was made via email just thirty minutes after the Rule 11 Motion was filed, seeks to preclude Plaintiffs' counsel from bringing future lawsuits against Aspyr, "even with new plaintiffs."

We've filed both the motion to dismiss and the motion for sanctions. As outlined below, we believe we will prevail on the motion to dismiss and are likely to prevail on the motion for sanctions. I note that Rule 11 provides for sanctions unless the challenged pleading is withdrawn within 21 days of service. Now that time has passed, we are entitled to pursue our motion even if Mickelonis files an amended complaint.

In the interest of resolving this matter, we are willing to offer ███ in exchange for a dismissal with prejudice and full release and an agreement from you that you will not file any further lawsuits based on the facts in the complaint, even with new plaintiffs. Please let us know by this Friday, October 13, if your client is interested.

Kim Decl., **Exhibit B**.  Aspyr's blatant disregard for California and Federal Rules warrants an entry of sanctions or award of attorneys' fees against Aspyr.  Pursuant to Rule 11 and Local Rule 83-7, which provides for sanctions and/or attorneys' fees for

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11 AND
REQUEST FOR ATTORNEYS' FEES

any violation of this Court's Local Rules, this Court should order Aspyr to monetary sanctions or allow Plaintiffs' counsel to move for attorneys' fees.

## V.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Aspyr's Rule 11 Motion in its entirety and enter monetary sanctions against Citadel in an amount that will deter future frivolous filings and violation of Local Rules, or allow Mickelonis to move for attorneys' fees award for time expended in responding to the Motion.

Dated:  November 9, 2023                         RAY KIM LAW, APC

_/s/ Raymond Y. Kim_
Raymond Y. Kim
Attorneys for Plaintiffs
Malachi Mickelonis, Joseph Afilani,
Jacob Alva-Melville, Micaiah Flores,
Matthew Gorka, Jared Hilliard,
Charles Kirk, David Kirkland,
Yale Liebowitz, Jacob Mueller,
Kevin Munoz, Colebie Niedermeier,
Joshua Palmer, Bryce Phillips, Christopher
Sousa, Rolando Vazquez, Adrian Villa,
and Nicholas Yee